UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-288-RJC

| CARROLL MURRAYBEY, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | **ORDER** |
| W. ERWIN SPAINHOUR, et al., | ) |  |
| Defendants. | ) |  |

**THIS MATTER** comes before the Court sua sponte following the grant of pro se Plaintiff Carroll Murraybey's ("Plaintiff") "Application to Proceed in District Court Without Prepaying Fees or Costs." (Doc. No. 6). 28 U.S.C. § 1915(e)(2) provides that the Court must dismiss Plaintiff's case if it determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court stayed service of process against the defendants pending the Court's review of Plaintiff's complaint. (Doc. No. 6).

**I.     BACKGROUND**

Plaintiff's allegations are difficult to discern but it appears that she received a speeding ticket and does not think she should have been obligated to pay it. (Doc. No. 1 at 10). Plaintiff asks the Court to void her ticket on the grounds that it is "contrary to, and repugnant to, the Constitution; being a violation against secured Due Process Rights; and contrary to, and repugnant to, Oath of Ethics, Official Oaths, Fiduciary Duties, and foreign to 'Right of Law' Principles." (Id. at 10). In particular, Plaintiff contends that her Fourth, Fifth, Sixth, Eighth, Ninth and Tenth Amendment rights have been violated. (Id. at 11-12). Plaintiff seeks

1

compensation for her economic losses and for the mental anguish imposed on her.  (Id. at 11).

## II. STANDARD OF REVIEW

28 U.S.C. § 1915(e)(2) provides that the Court must dismiss Plaintiff's case if it determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Section 1915(e)(2)(ii) is similar to Federal Rule of Civil Procedure 12(b)(6) motion to dismiss based on a failure to state a claim upon which relief can be granted.  In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff."  Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993).  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Id. at 563.  A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

## III. ANALYSIS

Plaintiff's Complaint lacks any factual allegations.  She does not state when she received a traffic ticket, the conditions of such receipt, or the name of the officer who issued it. Moreover, Plaintiff's only allegation that the issuing officer acted unconstitutionally is that all officers, by their very being, act unconstitutionally. (Doc. No. 1 at 7).  Plaintiff has failed to

state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2), and her Complaint must, therefore, be DISMISSED.

IV.     **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint, (Doc. No. 1), is DISMISSED.

Signed: January 11, 2012

Robert J. Conrad, Jr.
Chief United States District Judge